# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ALEXANDER RESTO-HERNANDEZ,**

        **Plaintiff,**

**-vs-**                                               **Case No. 6:12-cv-377-Orl-28DAB**

**TEREX UTILITIES, INC., TEREX-TELELECT, INC., UTILITY EQUIPMENT LEASING CORPORATION, DUECO, INC.,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:**    **MOTION TO REMAND (Doc. No. 23)**
>
> **FILED:**       **April 13, 2012**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Plaintiff originally filed suit in the Circuit Court, Eighteenth Judicial Circuit, in and for Seminole County, Florida, on August 22, 2011. Plaintiff served Defendant Terex Utilities, Inc., on September 1, 2011, and, after filing an Amended Complaint, on October 5, 2011, adding Terex-Telelect, Inc., ("Terex-Telelect"), Utility Equipment Leasing Corporation ("UELC") and DUECO, Inc., ("DUECO") as Defendants, served them on October 14, 2011. Defendants UELC and DUECO removed the case on March 8, 2012, contending that removal was proper pursuant to the second sentence of 28 U.S.C. §1446, when they received on February 7, 2012 Plaintiff's Responses

to Request for Production and first learned that the minimum requisite amount in controversy for diversity removal existed. On March 13, 2012, the Court ordered UELC and DUECO to show cause why the case should not be remanded for lack of subject matter jurisdiction, in particular the failure to plead the corporate Defendants' state of incorporation and principal place of business, and file an Amended Notice of Removal clearly stating the dates they were served with the Summons and Amended Complaint. Doc. 10. Defendants filed their Amended Notice of Removal on March 15, 2012. On April 13, 2012, Plaintiff filed a Motion for Remand (Doc. 23), to which Defendants have responded. Doc. 24.

Plaintiff argues that UELC and DUECO's removal of the case is untimely because he had previously sent to their co-Defendant Terex information regarding the extent of his injuries and medical expenses arising from the accident sufficient to support the requisite jurisdictional amount in controversy for removal of the subject action on the basis of diversity of citizenship. Defendants argue that the "last-served" defendant rule applies and they were entitled to remove the case once they received Plaintiff's Responses.

*Standard for Proper Removal*

It is well established that removal statutes are to be strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1094 (11th Cir. 1994) ("[R]emoval statutes are construed narrowly; when the parties dispute jurisdiction, uncertainties are resolved in favor of remand."). Furthermore, any doubt as to proper subject matter jurisdiction should be resolved against removal. *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979). The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and the removing party must present facts establishing its right to remove. *Williams v. Best Buy Company, Inc.,* 269 F.3d 1316, 1319 (11th Cir. 2001). When the defendant fails to do so, the case must be remanded. *Id.* at 1321.

Federal court removal is governed by 28 U.S.C. § 1441, which provides in pertinent part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." A defendant desiring to remove a civil action must file a notice of removal, together with all process, pleadings, and orders served upon the defendant in the appropriate United States District Court. 28 U.S.C. § 1446(a). The proper procedure for removal of a case from state to federal court is set forth in 28 U.S.C. § 1446. Section 1446(b) provides in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed *within thirty days after the receipt by the defendant*, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than one year after commencement of the action.

28 U.S.C. § 1446(b). "[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint 'through service or otherwise.'" *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). If the summons and complaint are served together, the 30-day period for removal runs at once.

*Last-served Defendant Rule Applies in the Eleventh Circuit*

Plaintiff contends that the Court should apply the "first-served" Defendant (in this case Terex) rule to find the Removal Notice of UELC and DUECO to be untimely. However, as Defendants point out, the Eleventh Circuit has held that "last-served defendant rule" applies in multi-defendant

litigation pursuant to which each defendant is permitted to file a timely motion for removal within thirty days of receipt of service by that individual defendant. *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202 (11th Cir. 2008). Under the rule, earlier-served defendants who may have waived their right to independently seek removal by failing to timely file a notice of removal may nevertheless consent to a timely motion by a later-served defendant, and thus the limitations period for removal of the case expires upon thirty days from service on the last-served defendant. *Id*. at 1205. As the Eleventh Circuit explained:

> On its face, § 1446(b) does not appear to address itself to multi-defendant litigation. *Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 527, 532 (6th Cir. 1999) ("The statutory language itself contemplates only one defendant and thus does not answer the question of how to calculate the timing for removal in the event that multiple defendants are served at different times, one or more of them outside the original 30-day period."). In applying the statute to multi-defendant litigation, courts have split over whether each individual defendant has a right to seek removal within thirty days of receipt of service or whether the appropriate time window for § 1446(b) runs from receipt of service by the first-served defendant only--in other words, whether the "first-served" or "last-served" defendant triggers § 1446(b)'s limitations period. Appellant urges us to adopt the first-served defendant rule and accordingly find that Johnson & Johnson's notice of removal was not timely under § 1446(b) because it was filed more than thirty days after receipt of service of process by the first-served defendant. For the following reasons, we reject appellant's argument and interpret § 1446(b) to permit each defendant thirty days in which to seek removal.

*Id*. Here, even though Terex was served well before UELC and DUECO removed the case, the last-served Defendants were allowed thirty days in which to remove the case, independent of the decision of Terex not to remove; as long as Terex joined in the later removal, removal was proper. *See* Doc.1-8.

*The Knowledge of Terex Cannot Be Imputed to UELC and DUECO*

Plaintiff's other argument that UELC and DUECO's removal was untimely is based on his argument that he sent a demand package with underlying medical records and insurance billing to the original Defendant, Terex[1]. The demand package (containing a demand for $300,000) included

---

[1] Counsel for Terex also represents Co-Defendant Terex-Telelect.

-4-

documentation from Plaintiff's employer's workers' compensation carrier, Amerisure Insurance, claiming a lien in the total sum of $50,523.20. The medical records documented treatment for concussion, fracture of left hand, deep chin laceration, facial swelling, pain in both knees, low back pain, two herniated discs, hyper-extension of right shoulder, cracked right molar, blurring of vision, and tendinitis. Plaintiff argues that his "pre-suit demand, including all medical records, bills, and evidence of Plaintiff's lost wages and the workers' compensation carrier's lien, put *Terex* on notice that the minimum requisite amount in controversy for diversity of citizen removal was met at the time Terex was served with the original Summons and Complaint herein." Doc. 23 at 4. Because Plaintiff's arguments regarding Terex as the "first-served" Defendant are inapposite in light of the Eleventh Circuit's "last-served defendant" rule, Plaintiff's arguments regarding *Terex's* knowledge of the amount in controversy are also inapposite. Moreover, Plaintiff has not made any argument or provided any evidence that UELC and DUECO were aware of the extent of Plaintiff's injuries such that Plaintiff's damages met the jurisdictional minimum for removal at the time these Defendants were served with the Amended Complaint.

It is **respectfully RECOMMENDED** that Plaintiff's Motion to Remand (Doc. 23) be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 23, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy