UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ALEXANDER RESTO-HERNANDEZ,**

  **Plaintiff,**

v.                  Case No: 6:12-cv-377-Orl-28DAB

**TEREX UTILITIES, INC., TEREX-TELELECT, INC., UTILITY EQUIPMENT LEASING CORPORATION and DUECO, INC.,**

  **Defendants,**
_____/
**UTILITY EQUIPMENT LEASING CORPORATION and DUECO, INC.,**

  **Third-Party Plaintiffs,**

v.

**EQUIPMENT TECHNOLOGY, LLC,**

  **Third-Party Defendant.**
_____/

## ORDER

Utility Equipment Leasing Corporation and DUECO, Inc. ("Third-Party Plaintiffs") have sued Equipment Technology, LLC ("Equipment") for common law indemnity on the basis that any liability assessed against them in the underlying personal injury suit would be vicarious and solely for Equipment's negligence. In its Motion to Dismiss,

Equipment argues that the Third-Party Complaint fails to state a claim for indemnity.[1] Because Third-Party Plaintiffs have not adequately alleged a basis for vicarious liability, their complaint fails to state a claim and must be dismissed.

## I. Background

This indemnity claim arises from a personal injury suit. In the underlying suit, Alexander Resto-Hernandez seeks damages from Third-Party Plaintiffs for injuries he suffered while using an allegedly defective Hi-Ranger 6TC-65 bucket truck[2] that Third-Party Plaintiffs had sold to his employer. Prior to the accident, Third-Party Plaintiffs had sent the truck to Equipment for repairs, as they had done with other Hi-Ranger 6TC trucks.[3] Third-Party Plaintiffs now seek indemnification from Equipment, claiming that Equipment acted negligently in repairing the truck.

## II. Legal Standard for Motion to Dismiss

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must

---

[1] The relevant filings before the Court are the Third-Party Complaint (Doc. 29), Equipment's Motion to Dismiss (Doc. 37), and Third-Party Plaintiffs' Response (Doc. 39).

[2] Resto-Hernandez has also named a number of other defendants in his personal injury suit.

[3] The Court accepts as true the facts in the Third-Party Complaint for the purpose of ruling on Equipment's Motion to Dismiss.

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

### III. Analysis

"[C]ommon law indemnity is an equitable remedy that arises out of obligations imposed through special relationships." Camp, Dresser & McKee, Inc. v. Paul N. Howard Co., 853 So. 2d 1072, 1077 (Fla. 5th DCA 2003). To state a claim for common law indemnity under Florida law, a party must allege that he is without fault, that another party is at fault, and that a special relationship between the two parties makes the party seeking indemnification vicariously, constructively, derivatively, or technically liable for the acts of the other party. See, e.g., Houdaille Indus., Inc. v. Edwards, 374 So. 2d 490, 493 (Fla. 1979); Horowitz v. Laske, 855 So. 2d 169, 174 (Fla. 5th DCA 2003).

Although Third-Party Plaintiffs have adequately alleged that they are without fault and that Equipment acted negligently in repairing the truck, they have not adequately alleged a special relationship with Equipment that would make them liable for Equipment's acts. Third-Party Plaintiffs merely state that they had an "ongoing business relationship" with Equipment and that they sent multiple trucks to it for repairs. (Third-Party Compl. ¶¶ 5, 9). These facts do not suggest that Equipment's relationship with Third-Party Plaintiffs went beyond that of an independent contractor. The Third-Party Complaint therefore does not contain sufficient factual matter to state a plausible claim for indemnity, see Paul N. Howard Co. v. Affholder, Inc., 701 So. 2d 402 (Fla. 5th DCA 1997) (dismissing indemnity claim against independent contractor), and is thus

3

**DISMISSED** without prejudice.[4]

### IV. Conclusion

In accordance with the foregoing, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The Third-Party Complaint (Doc. 29) is **DISMISSED** without prejudice.

2. Third-Party Plaintiffs may file an amended third-party complaint **on or before March 26, 2013**.

**DONE** and **ORDERED** in Orlando, Florida on March 12, 2013.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:

Counsel of Record

---

[4] Equipment also argues that Third-Party Plaintiffs cannot state a claim for indemnity because the plaintiff in the underlying lawsuit accuses them of active negligence. However, "[a] party seeking indemnity is not locked in by the injured person's allegations against it in the underlying lawsuit." Welch v. Complete Care Corp., 818 So. 2d 645, 651 (Fla. 2d DCA 2002).